UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINA GRIGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV01776 ERW |
| | ) | |
| CREDIT SOLUTIONS OF AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion to Transfer Venue to the

United States District Court for the Northern District of Texas [doc. #7].

I.      **BACKGROUND**

This litigation arises out of a contract between Plaintiff Christina Griggs ("Plaintiff") and

Defendant Credit Solutions of America, Inc. ("Defendant"), under which Defendant agreed to

negotiate and help reduce Plaintiff's debts in exchange for payment.  Plaintiff alleges that in order

to induce her creditors to negotiate, Defendant instructed her to stop making payments to them.

Instead of leading to a positive settlement of her creditors' claims, however, Plaintiff contends

that this resulted in an increase in debt, additional damage to her credit, and exposure to lawsuits

initiated by her creditors.  Based on these alleged events, Plaintiff asserts claims against Defendant

for violations of the Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407.010-407.309,

for violations of Missouri laws governing debt adjusters, Mo. Rev. Stat. §§ 425.010-425.040, and

for unauthorized practice of law in violation of Mo. Rev. Stat. § 484.020.  Plaintiff also seeks to

certify a class action on behalf of similarly-situated Missouri residents who have entered into

contracts with Defendant.

## II.    DISCUSSION

Defendant contends that the Court should transfer this case to the United States District Court for the Northern District of Texas pursuant to the forum selection clause in the contract between the parties, which provides that "[i]n the event of any dispute regarding this [Agreement] . . . [Plaintiff] and [Defendant] agree that venue of resolution shall be in the county and city of Dallas, Texas." Plaintiff argues that the terms of the forum selection clause notwithstanding, the factors involved in discretionary transfer under 28 U.S.C. § 1404(a) do not justify transferring venue away from Plaintiff's chosen forum.

§ 1404(a) provides district courts with the authority to transfer a civil case "to any other district or division where it might have been brought." *See also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988) (federal law, specifically § 1404(a), controls a district court's decision whether to enforce a forum selection clause and transfer venue to another court). In determining whether § 1404(a) transfer is warranted, the statute instructs courts to consider three factors: (1) the convenience of the parties, (2) the convenience of witnesses, and (3) the interest of justice. The analysis is not limited to those enumerated factors, as § 1404(a) "determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997) (internal citations omitted).

The existence of "a valid and applicable forum selection clause in a contract is a significant factor that figures centrally in the district court's calculus" under § 1404(a). *Id.* (internal quotations and citations omitted). The Supreme Court has cautioned, however, that a forum selection clause "should receive neither dispositive consideration . . . nor no consideration . . . but rather the consideration for which Congress provided in § 1404(a)." *Stewart*, 487 U.S. at 31.

Accordingly, the Court first considers the validity of the forum selection clause at issue, and then evaluates the remaining factors in § 1404(a).[1]

### A.       Effect of the Forum Selection Clause

The Eighth Circuit has declined to adopt a position on the circuit split concerning whether the enforceability of a forum selection clause is substantive or procedural for *Erie* purposes in a diversity case, *see Servewell Plumbing, LLC v. Fed. Ins. Co.*, 439 F.3d 786, 789 (8th Cir. 2006) (internal citations omitted), but that is not an obstacle here as the parties appear to be in agreement that the federal standard applies.  *See also, e.g.*, *Chase Third Century Leasing Co. v. Williams*, 782 S.W.2d 408, 411 (Mo. Ct. App. 1989) (following federal standard in determining whether to enforce a forum selection clause as a matter of Missouri law).  Under the federal standard, "[f]orum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching."  *M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 752 (8th Cir. 1999) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)); *see also, e.g.*, *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996) (indicating that forum selection clauses also should not be enforced if "their enforcement would contravene a strong public policy of the forum state") (internal citations omitted).  As such, courts should not set aside a forum selection clause on the basis of inconvenience, unless the inconvenience of trying the case in the directed forum is so severe that it would essentially deprive the objecting party of her fair day in court.  *M.B. Rests.*, 183 F.3d at 752.

Courts will also enforce forum selection clauses even when presented with a clear disparity in bargaining power or a complete absence of actual negotiations concerning the clause.

---

[1] The parties do not dispute that Plaintiff could have originally filed this suit in the forum specified in the forum selection clause, which is generally the threshold issue in the § 1404(a) analysis.

*See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 594 (1991); *see also Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720, 726 (8th Cir. 2001).  If the court does conclude that the contract is one of adhesion – that is, one that is offered on a "take-it-or-leave-it" basis and is not subject to negotiation – the court still must find that the forum selection clause itself is unconscionable in order to find it unenforceable.  *See Medicap Pharmacies, Inc. v. Faidley*, 416 F. Supp. 2d 678, 685 (S.D. Iowa 2006) (internal citations omitted).  Thus, even where an adhesion contract is at issue or the forum specified in the contract is remote, the party arguing against enforcement still bears "a heavy burden of proof" to demonstrate a bad-faith motive, fraud or overreaching, or a lack of notice of the clause.  *See Carnival Cruise Lines*, 499 U.S. at 594-95; *see also The Bremen*, 407 U.S. at 17.

Plaintiff does not claim that any of the aforementioned circumstances or factors that would counsel against enforcing the forum selection are present in this case.  Instead, Plaintiff asserts that the clause should not be enforced because she had no ability to negotiate the terms of the contract, but the cases cited above make clear that a disparity in bargaining power, standing alone, is insufficient to set aside a forum selection clause.  There is no indication that the clause was the product of fraud or overreaching, and there is likewise no reason to believe that requiring Plaintiff to try this case in Texas would create such an inconvenience that she would be deprived of her fair day in court – especially given that she claims to intend to certify a class of similarly-situated customers of Defendant.  The clause at issue is plainly stated in the contract, in the same size and type of print as the remainder of the contract, and Plaintiff therefore cannot persuasively argue that Defendant inserted the clause through some sort of subterfuge.  *See Medicap Pharmacies*, 416 F. Supp. 2d at 685 (noting the presentation of the clause as a consideration in concluding that a forum selection clause in an adhesion contract was enforceable).  Furthermore, as Defendant

notes, two other district courts have enforced forum selection clauses in Defendant's contracts

and transferred similar cases to the Northern District of Texas. *See Lamb v. Credit Solutions of*

*America, Inc.*, Case No. 3:08CV00054 (E.D. Va. Feb. 27, 2009); *McDaniel, et al. v. CSA -*

*Credit Solutions of America, Inc.*, Case No. 2:07CV01815 (W.D. Wash. April 29, 2008).  Lastly,

although Missouri does have a strong interest in enforcing its laws concerning unlawful

merchandising practices, the activities of debt adjusters, and the unauthorized practice of law, the

Court does not believe that interest is significantly affected by whether a district court sitting in

Missouri adjudicates this case instead of a district court sitting in Texas.  Much more significant,

in terms of Missouri's interest in this matter, is whether Plaintiff and the putative class members

will be able to assert these state law claims, given that Defendant's contracts contain choice-of-

law provisions directing that Texas law applies; the analysis of that issue, however, will likely

remain the same irrespective of whether this suit is prosecuted in Missouri or in Texas.[2]

        In sum, the Court finds that Plaintiff has failed to carry her "heavy burden" of

demonstrating that the forum selection clause is invalid, and the Court therefore turns to the

remaining factors in the § 1404(a) analysis.

### B.        Convenience of the Parties and Witnesses

        The relative convenience of the parties and witnesses does not weigh significantly in favor

of or against transfer under § 1404(a).  As for the parties, it seems fairly clear that convenience

favors Missouri, in that Plaintiff and the members of her putative class are all located in Missouri.

Defendant, even if it is located in Texas, does carry on business in Missouri and is represented by

local counsel in this matter, suggesting that it would not be inordinately inconvenient for

---

        [2] As noted below, following transfer under § 1404(a), the transferee court generally
applies the choice-of-law rules of the transferor court.  *See Ferens v. John Deere Co.*, 494 U.S.
516, 531 (1990).

Defendant to litigate this case in Missouri. With respect to witnesses, however, to the extent Plaintiff seeks to bring a class action on behalf of a group of similarly-situated customers of Defendant concerning Defendant's allegedly fraudulent or wrongful business practices, the Court tends to agree with Defendant that it appears likely that the vast majority of relevant witness testimony will come from Defendant's current and former employees, and that transfer would therefore make this litigation more convenient for those witnesses. As such, the Court finds that this factor is largely balanced, with the convenience of the parties favoring Missouri and the convenience of the witnesses favoring Texas.

### C.  Interest of Justice

In the "interest of justice" analysis, courts consider factors such as (1) the plaintiff's choice of forum, (2) the benefit of having a court sitting in the forum decide questions of local law, (3) the comparative costs to the parties of litigating in each forum, (4) conflict of law issues, and (5) judicial economy.[3] *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997). With respect to judicial economy, multiple courts, including the Supreme Court, have emphasized that § 1404(a) was designed to prevent the potential waste of resources that results when cases involving the same issues are pending in multiple, different district courts. *See Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960); *see also Ahlstrom v. Clarent Corp.*, 2002 WL 31856386, at *6 (D. Minn. 2002) ("The pendency of related litigation in another forum is a proper factor to be considered in resolving choice of venue questions.") (quoting *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 739 (1st Cir. 1977); *In re Volkswagen of America, Inc.*, 566

---

[3] The *Terra* court also listed a number of additional factors that are either not relevant in the present case or were not addressed by the parties, such as the parties' ability to enforce a judgment and potential obstacles to a fair trial. *See* 119 F.3d at 696.

F.3d 1349, 1351 (Fed. Cir. 2009) ("[T]he existence of multiple lawsuits involving the same issues

is a paramount consideration when determining whether a transfer is in the interest of justice.")).

The first three factors weigh against transfer, although not overwhelmingly.  It is true that

Plaintiff is entitled to deference to her choice of forum.  *See In re Apple, Inc.*, 602 F.3d 909, 913

(8th Cir. 2010).  Defendant suggests that such deference is inappropriate in the class-action

context, but that is only true where plaintiffs are from multiple states and the original forum

therefore has a diminished relationship to the class of plaintiffs as a whole.  *See, e.g.*, *Silverberg*

*v. H&R Block, Inc.*, 2006 WL 1314005, at *2 n.6 (E.D. Mo. 2006) ("[W]here there are hundreds

of potential plaintiffs, [the] claim of any one plaintiff that [the] home forum is appropriate is

'considerably weakened.'") (citing *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524

(1947)).  In this case, Plaintiff and all of the putative class members are Missouri residents

intending to sue for violations of Missouri laws, and some amount of deference to the chosen

Missouri forum is warranted.  Turning to the second factor, given that Plaintiff's claims against

Defendant are all based on alleged violations of Missouri laws, there is arguably some minimal

benefit in having those claims adjudicated by a court sitting in Missouri.  The Court questions

how great that benefit is in the context of modern litigation, however, due to the widespread use

of electronic legal research methods and the regularity with which district courts are required to

apply foreign law.  Lastly, the parties have not provided a great amount of information about

anticipated litigation costs, but the Court assumes that shifting the forum would be more costly

for Plaintiff – a Missouri resident represented by Missouri counsel – than it would be for

Defendant, which has its headquarters in Dallas, Texas.

The parties have not extensively briefed the impact transfer would have on conflict-of-law

issues, and the Court therefore declines to attach much importance to this factor.  In any event, it

appears likely that if this case were transferred under § 1404(a), Missouri choice-of-law rules –

that is, the rules of the transferor court –  would continue to apply.  *See Ferens v. John Deere*

*Co.*, 494 U.S. 516, 531 (1990).  Furthermore, even if Texas choice-of-law principles apply, the

initial question will be whether to enforce the choice-of-law clause directing that Texas law

applies, and it appears that both Texas and Missouri follow the Restatement (Second) of Conflict

of Laws in analyzing the effect of choice-of-law clauses.  *See DeSantis v. Wackenhut Corp.*, 793

S.W.2d 670, 677 (Tex. 1990); *Bauer v. Farmers Ins. Co.*, 270 S.W.3d 491, 496-97 (Mo. Ct.

App. 2008).

In contrast to the preceding considerations, the remaining factor – judicial economy –

strongly suggests that transfer is appropriate.  As noted above, there are at least two similar

pending class-action lawsuits against Defendant that have been consolidated in the Northern

District of Texas.  Defendant also contends – and has not been contradicted by Plaintiff – that the

putative members of the class Plaintiff seeks to represent are already included in a proposed

nationwide class in one of those class actions.  As such, the Court agrees with Defendant that the

interest in efficiently resolving related claims and avoiding potentially duplicative or inconsistent

litigation supports transfer to the Texas forum.

**D.     Conclusion**

In sum, the Court finds that the relevant factors in the § 1404(a) analysis – the existence of

a valid, enforceable forum selection clause, the convenience of the parties and witnesses, and the

interest of justice – indicate that this case should be transferred to the Northern District of Texas.

Plaintiff failed to carry her "heavy burden" of demonstrating that the forum selection clause is

unenforceable, as she failed to establish that the clause was the product of fraud or  overreaching,

or that it is otherwise so unreasonable that it would deprive her of a fair opportunity to litigate her

claims.  The remaining factors are either balanced or only slightly in Plaintiff's favor, and the Court therefore concludes that the clause will be given effect and this action will be transferred to the Northern District of Texas.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Transfer Venue to the United States District Court for the Northern District of Texas [doc. #7] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall transfer this case to the United States District Court for the Northern District of Texas, Dallas Division.

Dated this 29th Day of June, 2010.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE